Argued July 6, affirmed September 21, petition for rehearing
denied October 18, 1960

## McKINLEY *v.* STEINBECK
### 355 P. 2d 263

*Ervin B. Hogan* and *Philip B. Lowry,* Medford, argued the cause for appellant. On the briefs were Frohnmayer, Lowry, Hogan & Deatherage, Medford.

*Robert Packwood,* Portland, argued the cause for respondent. With him on the brief were Wayne Hilliard, and Koerner, Young, McColloch & Dezendorf, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN and HOLMAN, Justices.

PER CURIAM.

This was an action for personal injuries. Plaintiff alleged that she was "caused to slip" and fall down a flight of stairs at a motel owned by defendant. She alleged that ice on the top stair was the cause of her fall. Plaintiff and her husband had been paying guests at defendant's motel. Plaintiff was awarded a verdict. By the usual motions for an involuntary nonsuit, directed verdict and for judgment n.o.v. defendant challenged the sufficiency of plaintiff's evidence to present a jury question. The trial court's refusal to allow any of the motions provides the basis for defendant's assignments of error.

The accident happened on the morning of March 15, 1957. Plaintiff and her husband had spent the previous night in a room situate on a second-story balcony of the motel. An open passageway led from the room to the open steps where plaintiff fell.

Immediately before the accident plaintiff's husband had gone down the steps. He testified that he observed a thin film of ice on the balcony at the spot where he stepped before descending the stairs. A few minutes later when plaintiff approached the steps her husband was placing luggage in the trunk of the car. When he heard her approaching the steps he looked up and started to call out to warn plaintiff of the ice. Before he could do so she had fallen.

Defendant argues that there was no positive evidence the plaintiff slipped on the ice. Plaintiff testified that she did not see the ice so she could not say that it was the ice that caused her feet to "go out from under" her. Her husband, standing on the parking

area below, could not see her feet but could see her position in respect to the steps. He testified that his wife, plaintiff, fell when "she was right at the very edge [of the balcony at the top of the steps] just as you would come up to it." This was at the area where Mr. McKinley had noticed the ice. The jury could have inferred, and did, that plaintiff fell on the ice previously seen by her husband.

Defendant testified that he had inspected the premises earlier in the morning. He saw frost at the point in question, but no ice. We must accept as true that ice was present and that defendant either saw or should have seen it. The reason he gave for making the inspection was vague, but it could be assumed that the only purpose was to see if any part of the walkways or steps was slippery because of ice or frost.

There was no error in the trial court's rulings.

Affirmed.